UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. CARR,<br><br>                       Petitioner,<br>v.<br><br>NEIL McDOWELL, Warden, et al.,<br>                       Respondents. | Case No.: 21cv0900 MMA (MSB)<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* Doc. No. 1. The Petition is subject to dismissal because Petitioner has failed satisfy the filing fee requirement and because Petitioner indicates he has not exhausted state court remedies as to any of the claims in the Petition.

### FILING FEE REQUIREMENT

Petitioner has filed a motion to proceed in forma pauperis (Doc. No. 2) together with a trust account statement which reflects a $6.40 balance in his prison trust account at the California correctional institution in which he is presently confined. *Id.* at 4, 6.) It

1

appears Petitioner can pay the $5.00 filing fee. Accordingly, Petitioner's motion to proceed in forma pauperis is **DENIED**.

This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or has qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254. Because Petitioner has not qualified to proceed in forma pauperis, in order to proceed with the instant case, Petitioner must submit the $5.00 filing fee.

## FAILURE TO ALLEGE EXHAUSTION

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and must also allege, in state court, how one or more of his or her federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of

prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

In this case, Petitioner fails to allege that he has exhausted available state judicial remedies for the claims listed in the Petition. In fact, Petitioner affirmatively indicates that he has not raised any of the enumerated claims in the instant Petition, Grounds One through Four, in the California Supreme Court. *See* Doc. No. 1 at 6-9.

Petitioner indicates that a petition for review filed in the California Supreme Court was "denied," but he does not provide any information about the grounds raised. *See id.* at 2. Petitioner indicates that he previously appealed his conviction in the California Court of Appeal in case number D072834, the appeal was denied, the grounds raised included "[p]rejudicial error in admission of chain-saw video demonstration; admission of photos of other guns owned by petitioner that had no involvement in charged offense; admission of truck vandalism photos" and the judgment was affirmed and reversed in part. *Id.* Petitioner states the case was returned to state superior court for resentencing and he appealed that judgment to the state appellate court. *Id.* at 3-4.

Upon review of the instant filing, the grounds for relief in the federal Petition include: Ineffective Assistance of Counsel (Ground One), Brady violation (Ground Two), Daubert error (Ground Three) and Prosecutorial Misconduct (Ground Four). *Id.* at 6-9. Again, Petitioner indicates that he did not raise Grounds One through Four in the California Supreme Court. *Id.*

From a review of the state appellate court opinion in case number D072834, it appears Petitioner previously raised several different claims than the grounds now presented in the instant Petition. The state appellate court opinion reflects that Petitioner raised claims alleging trial court errors in the admission of evidence, a corresponding claim of cumulative error and a claim contending resentencing was warranted; the state

court remanded the case for resentencing only and affirmed the judgment in all other respects. *People v. Carr*, D072834, 2019 WL 1395661 at * 1 (Cal. Ct. App. March 28, 2019). Again, it is unclear from a review of the federal Petition whether Petitioner also raised the claims presented to the state appellate court to the California Supreme Court or whether he intends to raise any of those claims in federal court.

Petitioner indicates he did not present his claims to the California Supreme Court due to: "Fourteen months of lock-down; state of emergency; due to Covid-19; and excessive transfers." *Id.* at 5. A federal habeas petitioner is not required to satisfy the exhaustion requirement where "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Petitioner fails to make any showing concerning either an absence of state corrective process or ineffective process sufficient to excuse the exhaustion requirement in this instance and federal courts have repeatedly rejected cursory assertions concerning the futility of exhaustion from federal habeas petitioners seeking release from state custody due to the Covid-19 pandemic. *See e.g., Griffin v. Cook*, 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (collecting cases).

Accordingly, based on Petitioner's indication that each of the four presently identified federal grounds for relief are not exhausted, the Petition is subject to dismissal for failure to allege exhaustion. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") (citing *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)).

The Court will grant Petitioner leave to amend to give Petitioner an opportunity to clarify whether he intends to bring any exhausted claims in the instant habeas action and whether he intends to seek a stay of this action while he exhausts. Petitioner is cautioned that any claims raised in a habeas petition in this Court must be filed before the expiration

of the one-year statute of limitations.  See 28 U.S.C. § 2244(d).[1]  The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d); see Evans v. Chavis, 546 U.S. 189, 193 (2006) ("As long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1–year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court.") (citing Carey v. Saffold, 536 U.S. 214, 222-23 (2002)); but see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").  However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending.  See Duncan v. Walker, 533 U.S. 167, 181-182 (2001).

The Petition form submitted in this case included cautionary language concerning both the exhaustion requirement as well as the potential consequences for failing to raise

---

[1] 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

all grounds in a single petition, which the Court reiterates here as follows: "In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition," and "If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date." Doc. No. 1 at 5 (emphasis in original.)

### CONCLUSION

For the reasons discussed above, the Court **DENIES** Petitioner's motion to proceed in forma pauperis and **DISMISSES** the case without prejudice and with leave to amend for failure to satisfy the filing fee requirement and failure to allege exhaustion of state court remedies as to the claims presented in the Petition. To reopen and proceed with this case, Petitioner must submit, no later than **July 19, 2021**, a First Amended Petition that cures the pleading deficiencies outlined in this Order together with the required filing fee. If, on or before **July 19, 2021**, Petitioner has not satisfied the exhaustion requirement as to any claim presented in the action or requested a stay of this action while he exhausts his unexhausted claims, he will need to file a new petition which will be given a new civil case number. The Court **DIRECTS** the Clerk of Court to send Petitioner a blank Southern District of California amended petition form along with a copy of this Order.

**IT IS SO ORDERED.**

DATE: May 19, 2021

HON. MICHAEL M. ANELLO
United States District Judge