UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. CARR,<br><br>                       Petitioner,<br><br>v.<br><br>NEIL McDOWELL, Warden, et al.,<br><br>                       Respondents. | Case No. 21cv900 MMA (MSB)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 5]<br><br>**DENYING REQUEST FOR APPOINTMENT OF COUNSEL;**<br><br>**GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED PETITION** |

     Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* Doc. No. 1. On May 19, 2021, the Court denied Petitioner's motion to proceed in forma pauperis and dismissed the petition without prejudice and with leave to amend for failure to satisfy the filing fee requirement, as the trust account statement accompanying the request for IFP reflected an account balance sufficient to pay the $5.00 filing fee, and for failure to allege exhaustion of state court remedies as to the claims presented in the Petition. *See* Doc. No. 3. The Court instructed Petitioner that in order to reopen and proceed with this case, Petitioner was

required to submit a First Amended Petition that cures the pleading deficiencies outlined in the Court's May 19, 2021 Order together with the required filing fee on or before July 19, 2021, and if Petitioner failed to satisfy the exhaustion requirement as to any claim presented in the action or request a stay of the instant habeas action while he exhausted his unexhausted claims, he would need to file a new petition which will be given a new civil case number. *Id.*

On June 30, 2021, *nunc pro tunc* to June 28, 2021, Petitioner submitted a Renewed letter request to proceed IFP in the above-titled case, stating that due to transfers and quarantine he "was in jeopardy of missing the July 19th deadline" and that he was unable to properly respond due to being "denied of law library access and proper medical care." Doc. No. 5 at 1. Petitioner indicates he included "a current trust account statement that reflects the .15 ¢ balance on my books," and requests appointment of counsel to "clear up" the IFP matter and "to protect my rights to the federal court access." *Id.*

On July 7, 2021, *nunc pro tunc* to July 1, 2021, Petitioner submitted a second letter to the Court indicating he applied for a prison certificate to support his IFP request, but prison officials have refused to release the certificate and stating: "I can only ask you to accept the previous Trust Account balance sheet that I sent to to [sic] support my In Forma Paperis [sic] status." Doc. No. 7 at 1. Petitioner also reiterates his request for appointment of counsel, noting he remains without access to the law library or his legal documents and explaining: "I am asking for counsel to properly address the AEDPA time-bar issue before your court." *Id.*

For the reasons discussed, the Court **GRANTS** Petitioner's motion for leave to proceed in forma pauperis, **DENIES** the request for appointment of counsel without prejudice, and **GRANTS** an extension of time for filing of the First Amended Petition.

## FILING FEE REQUIREMENT

Petitioner requests reconsideration of the Court's denial of his prior motion to proceed in forma pauperis. *See* Doc. No. 5 at 1, 3-4. In addition to the current trust account statement reflecting $0.15 in Petitioner's inmate trust account, *id.* at 5, Petitioner

has submitted a statement explaining that at the time the prior prison certificate was submitted, he had a credit on his account from a disputed charge, and the proper charge had not yet been deducted. *Id.* at 4. Petitioner explains the charge has now been deducted, leaving the current $0.15 balance. *Id.* Based on Petitioner's trust account statement and accompanying explanation, it is evident Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and allows him to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security.

### REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner requests appointment of counsel to protect his rights to federal court access, to assist with his in forma pauperis application, and to assist in addressing the AEDPA time-bar issue, particularly with respect to obtaining equitable tolling of the AEDPA deadline. *See id.* at 1-3, *see also* Doc. No. 7 at 1.

While district courts are provided with statutory authority to appoint counsel in a federal habeas case when a petitioner is financially eligible and "the court determines that the interests of justice so require" pursuant to 18 U.S.C. §3006A(a)(2)(b), the Ninth Circuit has held that "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted).

With respect to Petitioner's request for the appointment of counsel to assist with his application to proceed in forma pauperis, that request appears moot in view of the Court's granting of Petitioner's request to proceed IFP. With respect to Petitioner's request for assistance in the other respects asserted, Petitioner has demonstrated the ability to file his pleadings and requests with the Court in a timely manner and request allowances as warranted without the assistance of counsel. Moreover, it is plain from the filings Petitioner has submitted to date that he is able to clearly articulate his arguments without the assistance of counsel. *See e.g.*, *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir.

1987) (district court did not abuse discretion is declining to appoint counsel where "district court pleadings illustrate to us that [the petitioner] had a good understanding of the issues and the ability to present forcefully and coherently his contentions."). As such, the Court finds the interests of justice do not necessitate appointment of counsel at the present time and Petitioner's request for the appointment of counsel is **DENIED** without prejudice.

However, in view of Petitioner's statements about facility transfers and lack of access to the law library or his legal documents, the Court **GRANTS** an extension of time for filing of a First Amended Petition to **September 20, 2021**, to allow Petitioner an opportunity to clarify whether he intends to bring any exhausted claims in the instant habeas action and whether he intends to seek a stay of this action while he exhausts.

The Court again cautions Petitioner that any claims raised in a habeas petition in this Court must be filed before the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d); *see Evans v. Chavis*, 546 U.S. 189, 193 (2006) ("As long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1–year time limit) the days

---

[1] 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court."), citing *Carey v. Saffold*, 536 U.S. 214, 222-23 (2002); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001).

## SECTION 1983 ALLEGATIONS

Finally, several of Petitioner's contentions, particularly those related to Petitioner's alleged denial of meaningful access to the courts, denial of law library access and to his legal documents, and denial of medical care, *see e.g.*, Doc. No. 5 at 1-3; Doc. No. 7 at 1, appear to relate not to challenges to his conviction or sentence, but to the conditions of his confinement. To the extent Petitioner seeks to challenge the conditions of his confinement, such a challenge must be brought, if at all, in a civil rights complaint filed pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see also Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (*en banc*) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."), quoting *Preiser*, 411 U.S. at 487, and *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011). If Petitioner wishes to pursue claims concerning the conditions of his confinement, he

must file a new civil rights action pursuant to 42 U.S.C. § 1983 which will be given a new civil case number.[2]

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's motion for leave to proceed in forma pauperis. While the instant habeas action remains dismissed without prejudice and with leave to amend for failure to allege exhaustion of state court remedies as to the claims presented in the Petition, the Court **GRANTS** an extension of time for filing of a First Amended Petition to **September 20, 2021**, to allow Petitioner an opportunity to clarify whether he intends to bring any exhausted claims in the instant habeas action and whether he intends to seek a stay of this action while he exhausts. If, on or before **September 20, 2021**, Petitioner has not satisfied the exhaustion requirement as to any claim presented in the action or requested a stay of this action while he exhausts his unexhausted claims, he will need to file a new habeas petition which will be given a new civil case number. Finally, to the extent Petitioner wishes to pursue claims concerning the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983 which will be given a new civil case number.

The Clerk of Court is directed to send Petitioner a blank Southern District of California amended petition form along with a copy of this Order.

**IT IS SO ORDERED.**

DATE: July 9, 2021

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Petitioner indicates he has initiated a civil rights action in the Central District of California (*see* ECF No. 5 at 3), but as the Court has not examined the contentions raised in that action, it is not known whether the contentions articulated here are presented in that complaint. In any event, the Court provides the above information about the filing of a civil rights complaint in an abundance of caution, because it appears several of the contentions referenced in Petitioner's letters concern the conditions of his confinement.