# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. CARR,<br><br>          Petitioner,<br><br>v.<br><br>NEIL MCDOWELL, Warden, and ROB BONTA, Attorney General,<br><br>          Respondents. | Case No. 21-cv-900-MMA (MSB)<br><br>**ORDER GRANTING SECOND EXTENSION OF TIME TO FILE FIRST AMENDED PETITION**<br><br>[Doc. No. 10] |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  *See* Doc. No. 1.  The Court previously instructed Petitioner that in order to reopen and proceed with this case, Petitioner was required to submit a First Amended Petition that cures the pleading deficiencies outlined in the Court's May 19, 2021 Order together with the required filing fee on or before July 19, 2021, and if Petitioner failed to satisfy the exhaustion requirement as to any claim presented in the action or request a stay of the instant habeas action while he exhausted his unexhausted claims, he would need to file a new petition which will be given a new civil case number.  *See* Doc. No. 3.  In its July 12, 2021 Order, the Court granted an extension of time for filing of a First Amended Petition to September 20, 2021, to allow Petitioner an opportunity to clarify whether he intends to bring any exhausted claims in

1

the instant habeas action and whether he intends to seek a stay of this action while he exhausts. *See* Doc. No. 8.

Petitioner now writes that he cannot meet the September 20, 2021 deadline because of "[t]he extraordinary circumstance of the pandemic surge" and his "continued denial of access to the law library." *See* Doc. No. 10. Given Petitioner's lack of access to the law library or legal documents, the Court **GRANTS** an extension of time for filing of a First Amended Petition to **November 5, 2021**, to allow Petitioner an opportunity to clarify whether he intends to bring any exhausted claims in the instant habeas action and whether he intends to seek a stay of this action while he exhausts.

Once more, the Court cautions Petitioner that any claims raised in a habeas petition in this Court must be filed before the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d); *see Evans v. Chavis*, 546 U.S. 189, 193 (2006) ("As long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1–year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court."), citing *Carey v. Saffold*, 536 U.S. 214, 222–23

---

[1] 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2002); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001).

## CONCLUSION

While the instant habeas action remains dismissed without prejudice and with leave to amend for failure to allege exhaustion of state court remedies as to the claims presented in the Petition, the Court **GRANTS** an extension of time for filing of a First Amended Petition to **November 5, 2021**, to allow Petitioner an opportunity to clarify whether he intends to bring any exhausted claims in the instant habeas action and whether he intends to seek a stay of this action while he exhausts. No further extensions will be granted unless Petitioner can show extraordinary circumstances. If, on or before **November 5, 2021**, Petitioner has not satisfied the exhaustion requirement as to any claim presented in the action or requested a stay of this action while he exhausts his unexhausted claims, he will need to file a new habeas petition which will be given a new civil case number. Finally, to the extent Petitioner wishes to pursue claims concerning the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new civil case number.

The Clerk of Court is directed to send Petitioner a blank Southern District of California amended petition form along with a copy of this Order.

**IT IS SO ORDERED**.

Dated: August 25, 2021

Hon. Michael M. Anello
United States District Judge