UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. CARR,<br><br>                              Petitioner,<br><br>v.<br><br>NEIL MCDOWELL, et al.,<br><br>                              Respondents. | Case No.: 21cv900-MMA(MSB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE PURSUANT TO RHINES** |

     This Report and Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.  On May 10, 2021, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition").  (ECF No. 1.)  Pending before the Court is Petitioner's "Memorandum of Points and Authorities in Support of Petition for Stay and Abeyance" ("Motion to Stay") and Respondents' "Opposition to Petitioner's Motion to Stay" ("Opposition").  (ECF Nos. 18, 20.)  The Court has considered the Motion to Stay, the Opposition, and the whole record.  For the reasons set forth below, the Court **RECOMMENDS** that Petitioner's motion be **GRANTED.**

## I. FACTUAL AND PROCEDURAL HISTORY

On June 21, 2017, a jury convicted Petitioner of first-degree murder, in violation of Penal Code section 187(a). (ECF No. 1 at 1–2; see also Lodgment 1 at 2; Lodgment 5 at 2; Lodgment 7 at 1.) The jury also found true that Petitioner personally and intentionally discharged a firearm causing death, pursuant to Penal Code section 12022.53(d), and personally used a firearm, within the meaning of Penal Code section 12022.5(a). (Lodgment 1 at 2; Lodgment 7 at 1.) On August 21, 2017, the trial court sentenced Petitioner to twenty-five years to life for murder, a consecutive term of twenty-five years to life for the firearm enhancement, and stayed the sentence for the personal use enhancement. (See Lodgment 1 at 2; Lodgment 5 at 2; Lodgment 7 at 1.)

### A. Direct Appeal

Petitioner appealed his judgment to the California Court of Appeal, asserting that the trial court abused its discretion in connection with a series of evidentiary rulings; the errors were cumulative and resulted in the denial of due process; and the case should be remanded for resentencing on the personal discharge of a firearm enhancement in light of Senate Bill No. 620. (See Lodgment 1 at 2; Lodgment 7 at 1.) On March 28, 2019, the California Court of Appeal remanded the matter for resentencing, but otherwise affirmed the judgment. (Lodgment 1 at 2, 57.)

On April 29, 2019, Petitioner filed a petition for review with the California Supreme Court raising the following issues: (1) the trial court erred in admitting evidence of a demonstration purporting to reenact what occurred during a homicide where the conditions were not shown to be substantially similar; and (2) the trial court's evidentiary rulings deprived Petitioner of his Fifth, Sixth, and Fourteenth Amendment rights to due process. (Lodgment 2 at 7, 26.) On June 19, 2019, the California Supreme Court summarily denied the petition. (Lodgment 3.)

On remand, the trial court declined to strike the gun enhancement, and Petitioner appealed the decision to the California Court of Appeal. (Lodgment 4.) On April 2, 2020, the state appellate court affirmed the judgment. (Lodgment 5 at 1–4.) Petitioner did

not seek review in the California Supreme Court of the decision affirming his resentencing.

### B. Petitioner's Federal Habeas Petition

Petitioner constructively filed the instant federal habeas corpus Petition on May 1, 2021. (ECF No. 1 at 1–12.) The Petition raised the following four claims: (1) ineffective assistance of counsel[1]; (2) violation of Maryland v. Brady, 373 U.S. 83 (1963)[2]; (3) error per Daubert v. Merrill Dow Pharms., Inc., 509 U.S. 579 (1993)[3]; and (4) prosecutorial misconduct.[4] (Id. at 6–9.) Notably, Petitioner stated in the Petition that he had not raised any of his claims in the California Supreme Court. (Id.) Petitioner also attached a note to the Clerk of Court, stating that he was filing a protective Petition to prevent the Petition from being time-barred. (ECF No. 1 at 14.) Petitioner further explained that he had not been able to file the state habeas corpus petition because of Covid-19, civil rights violations by the CDCR, limited wheelchair access to the law library, lack of medical care, and "excessive facility transfers." (Id.)

On May 19, 2021, District Judge Anello dismissed the Petition in its entirety for, among other things, "failure to allege exhaustion of state court remedies as to the

---

[1] Specifically, Petitioner alleges that incompetent counsel represented him, and counsel failed to investigate "[w]itnesses with mitigating evidence" and "[e]xpert witnesses." (ECF No. 1 at 6.)

[2] Petitioner claims that "[e]xculpatory ballistic evidence was destroyed due to the police's failure to keep the crime scene secure. No photographs were taken of [the] area in question of destroyed evidence." (Id. at 7.)

[3] Petitioner argues that "[t]he trial judge allowed a prejudicial video demonstration of a chain saw being improperly started by an unqualified 'expert.'" (Id. at 8.) Petitioner alleges that "the demonstration itself was faulty and thus the trial judge failed in his 'gatekeeping duties' under Daubert to take any measures to [e]nsure the reliability of the video evidence being presented to the jury." (Id.)

[4] Petitioner contends that "[t]he prosecutor presented a 'cheat' video to the jury of an unqualified 'expert' attempting to start a chain saw without properly priming the gas 'bulb' that allows gas to the carbu[re]tor." (Id. at 9.) Petitioner further claims that "[t]he prosecutor presented perjured testimony to justify admission of said video; the prosecutor presented perjured witness testimony of [P]etitioner's character and improperly vouched for the witness." (Id.)

claims presented in the Petition," and granted Petitioner leave to file a First Amended Petition by July 19, 2021. (ECF No. 3 at 6.) Judge Anello noted that "Petitioner fails to allege that he has exhausted available state judicial remedies for the claims listed in the Petition. In fact, Petitioner affirmatively indicates that he has not raised any of the enumerated claims in the instant Petition, Grounds One through Four, in the California Supreme Court." (Id. at 3 (citing ECF No. 1 at 6–9).) Since then, Judge Anello has granted Petitioner's three motions to continue the deadline to file his First Amended Petition. (See ECF Nos. 8, 11, 13.)

On December 13, 2021, Petitioner filed a "Motion for [Fourth] Extension of Time to File First Amended Petition," which Judge Anello construed as a motion to stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (See ECF No. 16; ECF No. 17 at 2.) The District Judge further found that the "Kelly v. Small, 315 F.3d 106 (9th Cir. 2002), 'withdrawal and abeyance' approach does not appear applicable here as Petitioner does not allege any fully exhausted claims." (ECF No. 17 at 2 n.2 (citing King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009) (noting "the three-step procedure outlined in Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed"); Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).)

Pursuant to the Court's briefing schedule, Petitioner filed a Motion to stay on January 18, 2022. (ECF No. 18; see also ECF No. 17 at 2.) On January 31, 2022, based on Petitioner's expressed intention to stay and abey his original Petition, Judge Anello vacated the earlier dismissal order to allow Petitioner to proceed with the Motion to Stay. (ECF No. 19 at 2.) On February 18, 2022, Respondents filed their Opposition. (ECF No. 20.)

///
///
///
///
///

### C. Petitioner's State Habeas Petitions

On October 11, 2021, five months after Petitioner filed his federal Petition, Petitioner filed his first petition for writ of habeas corpus in the San Diego Superior Court alleging a claim for Brady violation.[5] (Lodgment 6 at 1, 3.) On December 13, 2021, the court denied Petitioner's petition. (Lodgment 7.)

The Court's review of the Appellate Courts Case Information revealed that on February 24, 2022, Petitioner filed an appeal in the California Court of Appeal, 4th Appellate District Division 1. See Case No. D080036, California Courts, Appellate Courts Case Information, 4th Appellate District Division 1, www.appellatecases.courtinfo.ca.gov (visited July 15, 2022). On February 25, 2022, the appellate court dismissed the filing, stating the following:

> Appellant purports to appeal an order denying a petition for writ of habeas corpus, which is not appealable. (In re Hochberg (1970) 2 Cal.3d 870, 876.) The proper procedure when a superior court denies a petition for writ of habeas corpus in a noncapital case is for the petitioner to file a new petition in the Court of Appeal. (In re Clark (1993) 5 Cal.4th 750, 767, fn. 7.) Without an appealable order, this court has no jurisdiction and must dismiss the appeal. (People v. Belknap (1974) 41 Cal.App.3d 1019, 1029.) The appeal is DISMISSED.

(Id.) The record before this Court does not contain any lodgments indicating that Petitioner filed a new habeas corpus petition in the California Court of Appeal.

---

[5] Specifically, Petitioner asserted that:

> the police failed to secure the crime scene, which destroyed and tainted physical evidence, including a privacy screen that contained bullet holes, a bullet fragment, two expended bullet casings and critical blood evidence[;] his rights were violated when the police failed to take pictures of the entire privacy screen or preserve the screen and when the police did not discover a slug during the initial investigation[;] he was provided ineffective assistance of counsel when neither trial or appellate counsel raised the Brady claims.

(Lodgment 7 at 2–3.)

On January 13, 2022, Petitioner filed his second petition for writ of habeas corpus in the San Diego Superior Court alleging his ineffective assistance of counsel claim. (Lodgment 8 at 24–51.) The record before the Court does not contain lodgments indicating that the Superior Court has ruled on the petition.

## II.  LEGAL STANDARD

A federal court may not address a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 515 (1982). Generally, to satisfy the exhaustion requirement, a petitioner must "'fairly present[ ]' his federal claim to the highest state court with jurisdiction to consider it," or "demonstrate[ ] that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 275 (1971)).

Pursuant to the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). A district court may not consider an unexhausted federal habeas petition—a petition containing only unexhausted claims. Rose, 455 U.S. at 522.

Under Rhines, a district court has discretion to stay a "mixed" or fully unexhausted federal habeas petition, while the petitioner returns to state court to exhaust the unexhausted claims without losing his right to federal habeas review due to the relevant one-year statute of limitations. Rhines, 544 U.S. at 273–78; Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) ("[W]e hold that a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines."). Once the petitioner exhausts the state court remedies for all of his claims, the district court lifts the stay and allows the petitioner to proceed in federal court on all claims. See Rhines, 544 U.S. at 277. Whether a petition is mixed or fully unexhausted, the "stay and abeyance" procedure is available only in "limited circumstances" when the following three conditions are met: (1) the petitioner demonstrates "good cause" for

failing to first exhaust his claims in state court; (2) the unexhausted claims potentially have merit; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics.  Id. at 277–78; see also Mitchell v. Valenzuela, 791 F.3d 1166, 1171 (9th Cir. 2015) (same).  The procedure allows petitioner's unexhausted petition to remain in federal court during the pendency of the state courts' collateral review of petitioner's claims.  See Rhines, 544 U.S. at 277.

### III.  A STAY PURSUANT TO RHINES

Petitioner seeks to utilize the "stay and abey" procedure authorized by Rhines, 544 U.S. 269.  (ECF No. 18 at 2–5 (asking the Court to "issue the Stay and Abeyance" pursuant to Rhines and allow his Petition "to remain filed").)  Petitioner contends that he satisfies all of the Rhines requirements because he has shown good cause for his failure to exhaust, his claims are potentially meritorious, and he has not engaged in dilatory tactics.  (Id.)  Petitioner therefore asks the Court to "issue the Stay and Abeyance" because the dismissal of his federal Petition will result in AEDPA time-bar.  (Id. at 4–5.)

Respondents argue that Petitioner is not entitled to a stay under Rhines.  (ECF No. 20 at 5–7, 9–11.)  They assert that Petitioner did not take any action in state courts for almost a year-and-a-half after his judgement became final.  (Id. at 9–10.)  Respondents argue that there is no good cause for Petitioner's failure to exhaust his claims in state court, and Petitioner was not diligent.  (Id. at 9–11.)  Respondents thus ask the Court to deny Petitioner's motion for a stay.  (Id. at 11.)

On April 2, 2020, on direct appeal, the California Court of Appeal denied Petitioner's petition for review, and Petitioner did not file an appeal with the California Supreme Court.  The statute of limitations for federal habeas corpus began to run forty days later on May 12, 2020.  See Cal. Rules of Court 8.366(b)(1) ("[A] Court of Appeal decision in a proceeding under this chapter, including an order dismissing an appeal involuntarily, is final in that court 30 days after filing"), 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final

in that court"); <u>Bahrambeygui v. Robertson</u>, Case No.: 3:21-cv-1153-BAS-AGS, 2021 WL 5761182, at *1 (S.D. Cal. Dec. 3, 2021) (finding that petitioner's state appeal judgment became final forty days after the California Court of Appeal affirmed the judgment as modified). Accordingly, Petitioner's federal habeas petition was due on May 21, 2021. <u>See</u> 28 U.S.C. § 2244(d)(1)(A) (providing that AEDPA's one-year statute of limitations begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Petitioner filed his Petition on May 10, 2021, which was within AEDPA's one-year statute of limitations. (<u>See</u> ECF No. 1.)

All of the claims in the Petition are unexhausted. <u>See</u> <u>Rose</u>, 455 U.S. at 515 ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act"); <u>Anderson v. Morrow</u>, 371 F.3d 1027, 1036 (9th Cir. 2004) ("AEDPA's exhaustion requirement entitles a state to pass on a prisoner's federal claims before the federal courts do so."). As noted above, under <u>Rhines</u>, a district court has discretion to stay a fully unexhausted federal habeas petition, while the petitioner returns to state court to exhaust the unexhausted claims without losing his right to federal habeas review due to the relevant one-year statute of limitations. <u>Rhines</u>, 544 U.S. at 273–78; <u>Mena</u>, 813 F.3d at 912. A district court has discretion to stay when: (1) the petitioner demonstrates "good cause" for failing to first exhaust his claims in state court; (2) the unexhausted claims potentially have merit; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. <u>Rhines</u>, 544 U.S. at 273–78.

**A. Good Cause**

Petitioner argues that there is good cause for his failure to exhaust his claims in state court. (ECF No. 18 at 2–3.) He states that the Covid-10 pandemic, CDCR's violations of his civil rights, absence of access to the law library, improper medical care, and excessive transfers affected his ability to exhaust his state court remedies. (<u>Id.</u> at 2–4; <u>see also</u> ECF No. 1 at 5 (stating that Petitioner did not present his claims to the

California Supreme Court due to "[f]ourteen months of lock down"; "state of emergency" caused by Covid-19; and "excessive facility transfers.").

Respondents assert that there is no good cause for Petitioner's failure to exhaust his claims in state court before filing his federal Petition. (Id. at 9–10.) Respondents contend that Petitioner was aware of the claims he sought to exhaust since he raised the same claims in his federal Petition, and the claims were based on the trial record that had been known to Petitioner since 2017. (Id.)

Stay and abeyance pending exhaustion of claims in state court is only available where petitioner shows "good cause" for his failure to exhaust. See id. at 277. Rhines does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has not established a precise definition beyond holding that the test for "good cause" is less stringent than an "extraordinary circumstances" standard. See Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014); see also Jackson, 425 F.3d at 661–62 ("Although examination into [petitioner's] failure to exhaust was proper, and indeed, necessary, under Rhines, we hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by Rhines."). The good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (citing Rhines, 54 U.S. at 276–77). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify the petitioner's failure to exhaust the unexhausted claim in state court. Blake, 745 F.3d at 982 (citing Pace, 544 U.S. at 416). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id.

The Ninth Circuit has recently held that good cause exists under <u>Rhines</u> for a petitioner's failure to exhaust claims of ineffective assistance of trial counsel if the petitioner was proceeding without counsel during state post-conviction proceedings. <u>Dixon v. Baker</u>, 847 F.3d 714, 721–22 (9th Cir. 2017).  The <u>Dixon</u> court reasoned as follows:

> A petitioner who is without counsel in state post[-]conviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel.
>
> . . . .
>
> We recognize, of course, that many state post-conviction proceedings are conducted pro se.  For this group of federal habeas petitioners, the first element of the <u>Rhines</u> test can easily be established to the extent that they were without counsel.  But the other two elements of the test—claim plausibility and the absence of abusive tactics—will weed out plainly meritless claims and will help ensure that a dilatory litigant's failure to exhaust his claims in state court will not be condoned.

<u>Id.</u>

In his federal Petition filed in this case, Petitioner is alleging a claim for ineffective assistance of counsel, (<u>see</u> ECF No. 1 at 6), and the record demonstrates that Petitioner was proceeding pro se during his post-conviction proceedings.  As such, Petitioner meets the "good cause" threshold articulated in <u>Dixon</u>.  <u>See</u> <u>Cage v. Montgomery</u>, 812 F. App'x 679, 680 (9th Cir. 2020) ("[T]he district court abused its discretion by concluding that [petitioner] failed to establish good cause for a stay. . . .  As relevant here, the good cause standard is satisfied when a petitioner lacked the effective assistance of counsel during state post[-]conviction review proceedings."); <u>Torres v. Diaz</u>, Case No.: 19-cv-01964-LAB-JLB, 2020 WL 7869488, at *20 (S.D. Cal. Dec. 31, 2020) (finding that petitioner met "the threshold for good cause as articulated in <u>Dixon</u>," where the petitioner proceeded pro se during his post-conviction proceedings, and sought to add an additional claim of ineffective assistance counsel in his federal petition); <u>Bogarin v.</u>

Hatton, No. 16cv2793-BTM (BLM), 2017 WL 4857009, at *3 (S.D. Cal. Oct. 27, 2017) (citing Dixon, 847 F.3d at 720–22) ("Petitioner has established good cause based on his pro se status in state post-conviction proceedings."); see also Jeffries v. Clark, No. 2:20-cv-2414 JAM KJN P, 2021 WL 1966070, at *3 (E.D. Cal. May 17, 2021) (finding that "petitioner's pro se status in his state petitions supports his claim that he had good cause for failing to first exhaust," because "[p]etitioner may establish good cause when he does not have counsel in state post-conviction proceedings"); Bertram v. California, NO. SA CV 20-0045-ODW(E), 2020 WL 6153101, at *6 (C.D. Cal. July 30, 2020) (petitioner's "evident lack of the assistance of counsel for purposes of filing a state habeas petition constitutes good cause under Rhines for [p]etitioner's failure to exhaust").  Accordingly, the first requirement of the Rhines test is met.

### B. Merits of the Unexhausted Claims

Under the second requirement of the Rhines test, a district court should not grant a Rhines stay when the petitioner's unexhausted claims are plainly "meritless." Rhines, 544 U.S. at 277.  In this case, the Court cannot conclude that Petitioner's claims are not "potentially meritorious."  See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (stating that a claim is colorable within the meaning of 28 U.S.C. § 2254(b)(2) unless it is "perfectly clear that the petitioner has no hope of prevailing").  Petitioner has articulated cognizable claims in his Petition; and although it is unclear at this stage of the proceedings whether any of his unexhausted claims would eventually warrant federal habeas relief, Petitioner has satisfied the less demanding standard for obtaining a Rhines stay.  See id.; Dixon, 847 F.3d at 723 (quoting Cassett, 406 F.3d at 624) (a habeas petitioner's burden to show a claim is not "plainly meritless" in order to obtain a Rhines stay does not require him to "conclusively establish" that his claim has merit); see also id. at 722 (noting that "principles of comity and federalism demand that the federal court refrain from ruling on the merits of the [unexhausted] claim unless 'it is perfectly clear that the petitioner has no hope of prevailing'").

///

### C. Absence of Dilatory Litigation Tactics

Petitioner argues that he was "diligent in pursuit of his state court remedies." (ECF No. 18 at 2.) He states that he has been researching and investigating his unexhausted claims, and has raised claims alleging ineffective assistance of counsel and Brady violations in his state habeas corpus petitions. (See id. at 2–4.) Petitioner further alleges that he "discovered" that he may have a Daubert error claim in "March/April 2021," and found supporting evidence for his prosecutorial misconduct claim on April 13, 2021.[6] (Id. at 2.) Petitioner also contends that numerous factors, including the Covid-19 pandemic and his "excessive" transfers, adversely affected his ability to exhaust state court remedies. (Id.)

Respondents argue that Petitioner was not diligent because he waited five months after identifying his claims in the federal Petition to raise one claim for relief in his first state court habeas petition, and Petitioner waited an additional two months before filing his second state habeas petition raising one claim. (ECF No. 20 at 11.) Respondents assert that to date, Petitioner has presented two of the four claims in his Petition to state Superior Court, and did so "in piecemeal fashion." Id.

The Rhines test requires a showing that petitioner did not engage in "intentionally dilatory litigation tactics." See Rhines, 544 U.S. at 278. The record in this case reflects that Petitioner timely filed his federal Petition, in which he acknowledged that he was filing a "protective" Petition to avoid the expiration of the statute of limitations. (ECF No. 1 at 14.) The record also establishes that after filing his Petition, Petitioner filed two

---

[6] Petitioner provides a letter from the Department of the Public Defender, the Country of San Diego, dated April 13, 2021, discussing the recording and transcripts of 911 call placed by Petitioner. (ECF No. 18-1 at 2.) Petitioner alleges that the letter "shows proof of the Prosecutor's misstatement of criminal trial evidence to the jury concerning Petitioner's 911 call. (ECF No. 18 at 2.)

state federal habeas corpus petitions raising two of the four claims asserted in his federal Petition.

Notably, Petitioner claims that his "excessive" transfers adversely affected his ability to exhaust his state court remedies. Petitioner filed a supporting document entitled "Master Chronology," (ECF No. 18-3 at 1–3), where he lists his numerous transfers among correctional institutions, as well as transfers within correctional institutions. (See id. at 2 (September 2020, "Transfer[r]ed to CHCF"); id. (January 16, 2021, "Transfer[r]ed to C2A yard, CHCF" (two week quarantine); id. (March 22, 2021, "Transfer[r]ed to RJD"), id. (March 24, 2021, "Transfer[r]ed to Ironwood OHU unit"); id. (June 2, 2021, "Transfer[r]ed back to CHCF"); id. at 3 (October 9, 2021, "transferred to the RJD facility from CHCF (second time)"); id. (October 22, 2021, "transferred to SATF for DPW cell availability"). The Court also notes that the docket reflects several notices of change of address that Petitioner filed on October 20, 2021, and November 20, 2021. (ECF Nos. 14 & 15.) Additionally, Petitioner provided documents indicating that the Covid-19 pandemic, and associated lockdowns, further impeded his access to legal materials. (See ECF No. 18-3 at 2–3.)

Petitioner's numerous correctional institutional transfers during the last two years, as well as lockdowns and restrictions imposed by the Covid-19 pandemic, adversely affected his ability to access legal materials, which he needed to adequately brief and file his state habeas corpus petitions. Accordingly, the Court finds that the record in this case does not show that Petitioner intended to cause any delay with respect to his claims in the Petition, and therefore the third requirement of the Rhines test is also met. See Petersen v. Neuschmid, Case No.: 18cv2228-BEN(MSB), 2019 WL 2240684, at *6 (S.D. Cal. May 24, 2019) (finding that petitioner did not engage in intentionally dilatory litigation tactics, where his unexhausted claims had been pending in state court for ten months); Williams v. Salazar, No. Civ. 05CV2101J(RBB), 2007 WL 433276, at *2 (S.D. Cal. Jan. 29, 2007) (finding that petitioner did not engage in

intentionally dilatory litigation tactics, where, inter alia, his petition had been pending in the state court for over five months).

Accordingly, the Court finds that Petitioner has established good cause for a stay pursuant to Rhines, his unexhausted claims are not plainly meritless, and Petitioner has not engaged in intentionally dilatory litigation tactics. See Rhines, 544 U.S. at 277–78. Because all three Rhines requirements are satisfied, the Court **RECOMMENDS** that Petitioner's motion to stay and abey pursuant to Rhines be **GRANTED.** See id. at 278.

The Court therefore **RECOMMENDS GRANTING** Petitioner's motion for a stay of the proceedings and holding the Petition in abeyance pending exhaustion of Petitioner's state remedies. The Court, further **RECOMMENDS** that the District Judge impose a deadline by which Petitioner will be required to inform the Court of the status of his habeas proceedings before the state courts, including the date(s) his case(s) were filed, the case number(s), and any outcome(s). See id. at 277–78 (holding that a stay may not be indefinite or without reasonable time limits to exhaust state court remedies); see also Sissac v. Montgomery, Case No.: 16-cv-02287-BAS-JLB, 2017 WL 1929844, at *3–4 (S.D. Cal. May 10, 2017) (granting motion to stay pursuant to Rhines, and requiring petitioner to inform the court about the status of his state habeas proceedings, and to file a new status report every sixty days after the filing of the initial status report).

### IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING** Petitioner's motion to stay; and (3) issuing a stay and abeyance of the Petition pursuant to Rhines.

**IT IS ORDERED** that no later than **July 25, 2022**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///

///

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 15, 2022**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  July 15, 2022

Honorable Michael S. Berg
United States Magistrate Judge