UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. CARR,<br><br>         Petitioner,<br><br>v.<br><br>JEFF MACOMBER,<br><br>         Respondent. | Case No.: 21-cv-0900-MMA-MMP<br><br>**ORDER DENYING PETITIONER'S MOTION FOR EXPANSION OF TRIAL RECORD UNDER 2254 RULE 7(a) AND RECONSIDERATION OF PETITIONER'S RULE 6 MOTION FOR CAUSE** |

Petitioner Paul D. Carr ("Petitioner") is a state prisoner proceeding *pro se* and in *forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF Nos. 1, 8.] Before the Court is Petitioner's Motion for Expansion of Trial Record Under 2254 Rule 7(a) and Reconsideration of Petitioner's Rule 6 Motion for Cause ("Motion"). [ECF No. 53.] For the reasons discussed below, Petitioner's Motion is **DENIED**.

I. **RELEVANT BACKGROUND**

Petitioner filed his petition for habeas corpus in this court, challenging his confinement as a result of his conviction for first degree murder and firearm use

enhancement. [ECF Nos. 30, 35-1 at 168.] Petitioner contends that he is entitled to relief due to ineffective assistance of counsel, a *Brady* violation, prosecutorial misconduct, and *Daubert* error. [ECF No. 30.]

Petitioner's two most recent motions concern his 911 call on October 16, 2017, following the incident. After the incident, Petitioner called 911 and first spoke with the California Highway Patrol 911 dispatcher and the call was then transferred to the sheriff's department. [*See* ECF No. 35-9 at 24.] During Petitioner's trial, the prosecution asked Homicide Detective Karen Bloch to confirm the respective timing of the 911 calls of Petitioner and the victim's wife. [ECF No. 35-9 at 25.] The prosecution asked if "we're talking about basically exactly a three-minute lag time between the time [the victim's wife] called 911 and the defendant called 911?" To which, Detective Bloch responds, "Between when CHP picked up, yes." [*Id.*.]

On September 11, 2023, Petitioner filed his 2254 Habeas Rule 6 Motion for Discovery and Motion to Compel ("September 11, 2023 Motion"), requesting leave of court to compel the Office of the Primary Public Defender in El Cajon, California to produce Petitioner's 911 call audio disks, representing that only the second portion of the call was played to the jury. [ECF No. 44.] In response to the September 11, 2023 Motion, Respondent stated that the evidence Petitioner was seeking was already in the trial transcript and that the entire call was played for the jury in two separate portions. [ECF No. 50; *see* ECF No. 44 at 2.] In his reply, Petitioner clarified that there was no longer a need for the Court to an issue an order to compel production by the El Cajon Public Defenders office but asserted that additional discovery was necessary because he "does not have the printed 911 transcript for the first minute of his call to the Boulevard dispatcher." [ECF No. 51.] On December 4, 2023, the Court denied Petitioner's request after confirming that the trial transcript included the two separate portions of the 911 call from Petitioner and directed Respondent to re-serve on Petitioner the relevant trial exhibits from the state court record containing Petitioner's 911 calls. [ECF No. 52.]

//

On January 8, 2024, Petitioner filed the instant Motion, requesting (1) the record be expanded to include Exhibit C under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") because the transcripts he received from Respondent, [ECF No. 53 Exh. A & B], did not include the call timestamp as did the transcripts provided the jury and Petitioner at trial, [*Id.*, Exh. C]; and (2) reconsider its denial of discovery pursuant to Habeas Rule 6 and to grant leave to compel production of the timestamp of the call with the 911 dispatcher. [ECF No. 53 at 2.] The Court addresses each issue in turn.

## II. EXPANSION OF RECORD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "restricts the ability of a federal habeas court to develop and consider new evidence" and limits the review of legal claims under § 2254 to the record before the state court. *Shoop v. Twyford*, 596 U.S. 811, 819 (2022) (citing 28 U.S.C. § 2254; *Cullen v. Pinholster*, 563 U.S. 170 (2011)). "Rule 7 of the Rules Governing § 2254 cases allow the district court to expand the record without holding an evidentiary hearing." *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005) (citing 20 U.S.C. foll. § 2254, R.7), overruled on other grounds by *Daire v. Lattimore*, 812 F.3d 766, 768 (9th Cir. 2016). The Advisory Committee Notes to Habeas Rule 7 explain that its purpose is "to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." 28 U.S.C. foll. § 2254, R.7 Advisory Committee Notes. Because of the nature and purpose of Habeas Rule 7, a party seeking to expand the record must meet the standards required for an evidentiary hearing. *See Holland v. Jackson*, 542 U.S. 649, 653 (2004); *Cooper-Smith*, 397 F.3d at 1241. As such, a petitioner seeking to expand the record "must either: (1) satisfy the requirements of § 28 U.S.C. § 2254(e)(2), or (2) show that he 'exercised diligence in his efforts to develop the factual basis of his claims in state court proceedings.'". *Libberton v. Ryan*, 583 F.3d 1147, 1165 (9th Cir. 2009) (quoting *id.*).

The Court finds expansion of the record to include Exhibit C to the Petitioner's motion is not necessary. The Court has reviewed the state court record and found that it

contains the Exhibit C transcript of the 911 call with the 911 dispatcher, including the timestamp referred to by Petitioner. [ECF Nos. 35-27 at 70–72; 35-31 at 65–67; 35-33 at 101–105.] Because the transcript of the 911 call that is subject to Petitioner's Motion is already part of the state court record, the Court **DENIES** the Petitioner's request to expand the record as moot.

### III.  RECONSIDERATION OF RULE 6 MOTION FOR DISCOVERY AND REQUEST FOR DISCOVERY

#### A.  Legal Standards

##### 1.  Reconsideration

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutracueticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted). Accordingly, the Civil Local Rules require a party asking for the district court's reconsideration to show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i)(1).

##### 2.  Discovery

A habeas petitioner, unlike the usual civil litigant in federal courts, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." 28 U.S.C. foll. § 2254, R.6(a). Before deciding whether a petitioner is entitled to discovery under Habeas Rule 6(a), the court must first identify the essential elements of the underlying claim. *Bracy*, 520

U.S. at 904. The court must then determine whether a petitioner has shown good cause for appropriate discovery to prove his claim. *Id.* Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . ." *Id.* at 908–09. However, a petitioner requesting discovery need not "demonstrate that he will ultimately prevail on his underlying" claim. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994). When good cause is established, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

### B. Analysis

The Court finds that Petitioner has neither shown good cause nor introduced new evidence that would warrant reconsideration of its previous denial of the production of "the timestamp for the Boulevard 911 dispatcher" from the Respondent. [ECF No. 53 at 3.] As explained in the Court's December 4, 2023 Order, both portions of the 911 Call are already in the state court record. Further, Petitioner has not shown good cause exists to grant discovery for the timestamp of the first portion of the 911 call, as the "timestamp" of his initial 911 is already in the record. Though the timestamp was not on the transcript of the first portion of the 911 call, Detective Bloch testified during Petitioner's trial that Petitioner's call was picked up by California Highway Patrol 911 dispatch at 7:22 p.m. [ECF No. 35-9 at 25.] Accordingly, the Court **DENIES** Petitioner's request for reconsideration of the Court's December 4, 2023 Order denying Petitioner's Motion to Compel and Petitioner's request to compel production of the timestamp of the first portion of the 911 call with the dispatcher.

//

//

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion, [ECF No. 53], in its entirety.

**IT IS SO ORDERED**.

Dated:  February 13, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge