**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL DAVID CARR,<br><br>                                   Petitioner,<br><br>v.<br><br>NEIL McDOWELL, Warden, et al.,<br><br>                                   Respondents. | Case No. 21-cv-0900-MMA (MMP)<br><br>**ORDER DENYING MOTION FOR EVIDENTIARY HEARING**<br><br>[Doc. No. 60] |

Petitioner Paul David Carr filed a federal habeas corpus Petition in this Court on May 10, 2021.  Doc. No. 1.  A Motion for Stay was granted on August 8, 2022, Doc. No. 24, and he filed his Amended Petition on March 16, 2023.  Doc. No. 30.  On March 4, 2024, the Court denied Carr's Amended Petition and denied a Certificate of Appealability.  Doc. No. 55.  On March 8, 2024, Carr filed a Motion for Evidentiary Hearing.  Doc. No. 60.

Evidentiary hearings in § 2254 cases are governed by AEDPA, which "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999); *Clark v. Chappell*,

/ / /

/ / /

/ / /

936 F.3d 944, 967–68 (9th Cir. 2019).  The provisions of 28 U.S.C. § 2254(e)(2) control this decision.  The standard for granting such a request is clear:

> To determine whether a petitioner is entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2), a court must first determine whether a factual basis exists in the record to support the petitioner's claim.  *Insyxiengmay v. Morgan*, 403 F.3d 657, 669–70 (9th Cir. 2005) (quoting *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999)).  If the record contains a sufficient factual basis that "refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Landrigan*, 550 U.S. at 474, 127 S.Ct. 1933; *see Pinholster*, 563 U.S. at 171, 131 U.S. 1388 ("[A] federal habeas court is 'not required to hold an evidentiary hearing' when the state-court record 'precludes habeas relief' under § 2254(d)'s limitations.") (citation omitted).  If the factual basis for the claim is undeveloped or absent, the next inquiry is whether petitioner "failed to develop" these facts in state court proceedings.  *Insyxiengmay*, 403 F.3d at 669–70.  Only when a petitioner demonstrates that he did not fail to develop the factual basis for his claim in state court may a federal court proceed to consider whether a hearing is appropriate or required under the framework set forth in *Townsend v. Sain*, *id.*

*Cook v. Kernan*, 948 F.3d 952, 970–71 (9th Cir. 2020).

Carr continues to insist that the 911 tapes and transcripts presented to the jury do not reflect the actual times the calls were made and that an evidentiary hearing is necessary.  Doc. No. 60 at 3–8.  As the Court noted in its March 4, 2024 Order denying Carr's Petition, the timing of the 911 calls was established at trial by the sworn testimony of Detective Bloch, who testified that both Maria's and Carr's 911 calls were first routed to the California Highway Patrol ("CHP") and then transferred to the San Diego Sheriff's Department, and that she obtained the calls to both the CHP and the Sheriff.  Doc. No. 35-9 at 22–24.  Bloch was able to determine the time the CHP picked up both Carr's and Maria's calls but not when they were transferred to the Sheriff's Department.  *Id.* at 25.  Maria's call came into the CHP at 7:19 pm and 45 seconds, and Carr's call came into the CHP at 7:22 pm and 45 seconds.  *Id.* at 25.  There is no evidence in the record to support a conclusion that Bloch's testimony was inaccurate, nor has Carr provided any.

This Court has already determined that a sufficient factual basis existed in the record to refute Carr's habeas corpus claims, and thus an evidentiary hearing is both unnecessary and precluded. *See* Doc. No. 55; *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (a federal court's review is limited to the state court record). Carr simply re-argues the claims he made in his habeas corpus petition in his Motion for an Evidentiary Hearing. *See* Doc. No. 60. *See* Doc. No. 55. Accordingly, the Court **DENIES** his Motion for an Evidentiary hearing. *See Cook*, 948 F.3d at 970–71.

**IT IS SO ORDERED.**

Dated: March 14, 2024

HON. MICHAEL M. ANELLO
United States District Judge